CILENTI & COOPER, PLLC
Justin Cilenti (GC2321)
Peter H. Cooper (PHC4714)
200 Park Avenue – 17th Floor
New York, NY 10166
T. (212) 209-3933
F. (212) 209-7102
info@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
STEPHEN MILLS, on behalf of himself and others similarly situated,

                        Plaintiff,

   -against-

LONDONBOY STATION INC., AHMED KHALIL, and HASAN MOHAMMED,

                        Defendants.
------------------------------------------------------------------------X

Case No. 21-CV-7408

**FLSA COLLECTIVE**
**ACTION COMPLAINT**

**Jury Trial Demanded**

Plaintiff, STEPHEN MILLS (hereinafter, "Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, files this Complaint against Defendants LONDONBOY STATION INC., AHMED KHALIL, and HASAN MOHAMMED (collectively, the "Individual Defendants") (LONDONBOY STATION INC. and the Individual Defendants are collectively referred to herein as the "Defendants"), and states as follows:

## INTRODUCTION

1.     Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), he is entitled to recover from Defendants:

(a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated damages, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

2. Plaintiff further alleges that, pursuant to the New York Labor Law, he is entitled to recover from Defendants: (a) unpaid minimum wages, (b) unpaid overtime compensation, (c) liquidated and statutory damages pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act, (d) prejudgment and post-judgment interest, and (e) attorneys' fees and costs.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

## PARTIES

5. Plaintiff is a resident of Bronx County, New York.

6. Defendant, LONDONBOY STATION INC., is a domestic business corporation organized under the laws of the State of New York, with a principal place of business located at 2908 Third Avenue, Bronx, New York 10455.

7. Defendant, LONDONBOY STATION INC., owns and operates a retail clothing store located at 2908 Third Avenue, Bronx, New York 10455 (hereinafter, the "Store").

8. Defendant, AHMED KHALIL, is the Chief Executive Officer and a shareholder of LONDONBOY STATION INC. and, as such, is an owner, director, supervisor, proprietor and/or managing agent of LONDONBOY STATION INC., who actively participates in the day-to-day operations of the Store, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and the Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with LONDONBOY STATION INC.

9. Defendant, HASAN MOHAMMED, is a manager of the Store, and has been one of Plaintiff's direct supervisors and, as such, is a managing agent of LONDONBOY STATION INC., who actively participates in the day-to-day operations of the Store, and acted intentionally and maliciously and is an employer pursuant to the FLSA, 29 U.S.C. § 203(d) and the Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with LONDONBOY STATION INC.

10. The Individual Defendants exercise control over the terms and conditions of each employee's employment in that they have the authority to and do in fact: (i) hire and fire employees, (ii) determine the employees' rates of pay, (iii) determine the method by which each employee will be paid, (iv) determine the employees' work schedules and hours, (v) supervise and control the work of employees, and (vi) create and maintain employment records.

11. At least within each of the three (3) most recent years relevant to the allegations herein, defendant LONDONBOY STATION INC., was, and continues to be,

an "enterprise engaged in commerce" within the meaning of the FLSA in that it (i) has and has had employees engaged in commerce or in the production of goods for commerce, or that handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce, and (ii) has and has had an annual gross volume of sales of not less than $500,000

12. Plaintiff has been continuously employed by Defendants to work as salesperson from in or about April 2018 through the present time.

13. The work performed by Plaintiff is directly essential to the business operated by Defendants.

14. Defendants knowingly and willfully have failed to pay Plaintiff his lawfully earned minimum wages in direct contravention of the New York Labor Law.

15. Defendants knowingly and willfully have failed to pay Plaintiff his lawfully earned overtime compensation in direct contravention of the FLSA and New York Labor Law.

16. Plaintiff has satisfied all conditions precedent to the institution of this action, or such conditions have been waived.

**STATEMENT OF FACTS**

17. The Individual Defendants actively participate in the day-to-day operation of the Store. For instance, the Individual Defendants personally work alongside the employees, jointly supervise and direct the work of the employees, and instruct the employees about how to perform their jobs.

18. In addition, the Individual Defendants jointly make all crucial business decisions, including decisions as to the hiring and firing of employees, the number of

hours the employees are required to work, and the amount and method by which the employees are paid.

19. In or about April 2018, Defendants hired Plaintiff to work as a non-exempt salesperson.

20. Neither at the time of hire nor anytime thereafter did Defendants provide Plaintiff with a written wage notice setting forth his regular hourly rate of pay and corresponding overtime rate of pay.

21. Plaintiff continues to work in such capacity at the present time.

22. Plaintiff works over forty (40) hours per week.

23. Throughout the entirety of Plaintiff's employment, Plaintiff has and continues to work six (6) days per week, and his work schedule consists of ten (10) hours per day – Monday through Thursday, from 10:00 a.m. until 8:00 p.m.; and nine and one-half (9½) hours per day on Saturday and Sunday from 10:00 a.m. until 7:30 p.m. Plaintiff normally receives a thirty-minute meal break each day.

24. Plaintiff is not required to punch a time clock or other time recording device at the beginning and end of each work shift.

25. From the beginning of his employment and continuing through in or about September 2018, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $70 per day ($430 per week) straight time for all hours worked and worked fifty-nine (59) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

26. Beginning in or about October 2018 and continuing through in or about December 2018, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $80 per day ($480 per week) straight time for all hours worked and worked fifty-nine (59) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

27. Beginning in or about January 2019 and continuing through in or about April 2019, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $85 per day ($510 per week) straight time for all hours worked and worked fifty-nine (59) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

28. Beginning in or about May 2019 and continuing through in or about October 2019, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $90 per day ($540 per week) straight time for all hours worked and worked fifty-nine (59) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

29. Beginning in or about November 2019 and continuing through in or about February 2020, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $95 per day ($570 per week) straight time for all hours worked and worked fifty-nine (59) hours per week.

Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

30. Beginning in or about March 2020 and continuing through in or about June 2020, Plaintiff was not paid proper minimum wages and overtime compensation. During this period, Plaintiff was paid at the rate of $100 per day ($600 per week) straight time for all hours worked and worked fifty-nine (59) hours per week. Work performed above forty (40) hours per week was not paid at the statutory rate of time and one-half as required by state and federal law.

31. Beginning in or about July 2020 and continuing through the present time, Plaintiff has not been and continues to not be paid proper minimum wages and overtime compensation. During this period, Plaintiff has been and continues to be paid at the rate of $110 per day ($660 per week) straight time for all hours worked and works fifty-nine (59) hours per week. Work performed above forty (40) hours per week is not paid at the statutory rate of time and one-half as required by state and federal law.

32. Defendants pay Plaintiff his wages entirely in cash.

33. Defendants have failed to provide Plaintiff with a wage statement at the end of each work week, which sets forth his gross wages, deductions, and net wages.

34. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees proper minimum wages, in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

35. Defendants knowingly and willfully operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate

(of time and one-half), or the New York State overtime rate (of time and one-half), in direct violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

36. At all relevant times, Defendants failed to maintain accurate and sufficient time and pay records.

## COLLECTIVE ACTION ALLEGATIONS

37. Plaintiff brings this action individually and as class representative on behalf of himself and all other current and former non-exempt employees who have been or were employed by Defendants between September 3, 2018 through the end of the "opt-in" period as ultimately set by the Court (the "Collective Action Period"), and who were compensated at rates less than the statutory minimum wage rate and/or the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per workweek (the "Collective Action Members").

38. Upon information and belief, the collective action class is so numerous that joinder of all members is impracticable. Although the precise number of such persons is unknown, and the facts upon which the calculation of that number are presently within the sole control of Defendants, upon information and belief, there are more than twenty (20) Collective Action Members who worked for Defendants during the Collective Action Period, most of whom would not be likely to file individual suits because they lack adequate financial resources, access to attorneys, or knowledge of their claims. Therefore, Plaintiff submits that this matter should be certified as a collective action under the FLSA, 29 U.S.C. § 216(b).

39. Plaintiff will fairly and adequately protect the interests of the Collective Action Members and has retained counsel that is experienced and competent in the fields of employment law and class action litigation. Plaintiff has no interests that are contrary to or in conflict with those members of this collective action.

40. This action should be certified as a collective action because the prosecution of separate actions by individual members of the class would create a risk of either inconsistent or varying adjudications with respect to individual members of the class, or adjudications with respect to individual members of the class that would as a practical matter be dispositive of the interests of the other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

41. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, since the damages suffered by individual Collective Action Members may be relatively small, the expense and burden of individual litigation make it virtually impossible for the members of the collective action to individually seek redress for the wrongs done to them. There will be no difficulty in the management of this action as a collective action.

42. Questions of law and fact common to the members of the collective action predominate over questions that may affect only individual members because Defendants have acted on grounds generally applicable to all members. Among the common questions of law and fact common to Plaintiff and other Collective Action Members are:

    a. Whether Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA;

    b.    Whether Defendants failed to keep true and accurate time and pay records for all hours worked by Plaintiff and the Collective Action Members;

    c.    What proof of hours worked is sufficient where the employer fails in its duty to maintain time records;

    d.    Whether Defendants failed to pay the Plaintiff and the Collective Action Members minimum wages for hours worked, in violation of the FLSA and the regulations promulgated thereunder;

    e.    Whether Defendants failed to pay the Plaintiff and the Collective Action Members overtime compensation for all hours worked in excess of forty (40) hours per workweek, in violation of the FLSA and the regulations promulgated thereunder;

    f.    Whether Defendants' violations of the FLSA are willful as that terms is used within the context of the FLSA; and,

    g.    Whether Defendants are liable for all damages claimed hereunder, including but not limited to compensatory, liquidated and statutory damages, interest, attorneys' fees, and costs and disbursements.

43. Plaintiff knows of no difficulty that will be encountered in the management of this litigation that would preclude its maintenance as a collective action.

44. Plaintiff and others similarly situated have been substantially damaged by Defendants' wrongful conduct.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

45. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "44" of this Complaint as if fully set forth herein.

46. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff and the Collective Action Members are covered individuals within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

47. At all relevant times, Defendants employed Plaintiff and the Collective Action Members within the meaning of the FLSA.

48. Upon information and belief, at least within each of the three (3) most recent years relevant to the allegations herein, Defendant LONDONBOY STATION INC. has had gross revenues in excess of $500,000.

49. Plaintiff and the Collective Action Members worked hours for which they were not paid the statutory minimum wage.

50. Defendants had, and continue to have, a policy and practice of refusing to pay the statutory minimum wage to Plaintiff and the Collective Action Members for hours worked.

51. Defendants failed to pay Plaintiff and the Collective Action Members minimum wages in the lawful amount for their hours worked.

11

52. Plaintiff and the Collective Action Members are entitled to be paid at the statutory rate of time and one-half for all hours worked in excess of the maximum hours provided for in the FLSA.

53. Defendants failed to pay Plaintiff and the Collective Action Members overtime compensation in the lawful amount for all hours worked in excess of the maximum hours provided for in the FLSA.

54. At all relevant times, Defendants had, and continue to have a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff and the Collective Action Members for all hours worked in excess of forty (40) hours per work week, which violated and continues to violate the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

55. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff and the Collective Action Members at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of minimum wages and overtime compensation would financially injure Plaintiff and the Collective Action Members.

56. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff and the Collective Action Members, Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

57. Defendants failed to properly disclose or apprise Plaintiff and the Collective Action Members of their rights under the FLSA.

58. As a direct and proximate result of Defendants' violation of the FLSA, Plaintiff and the Collective Action Members are entitled to liquidated damages pursuant to the FLSA.

59. Due to the intentional, willful and unlawful acts of Defendants, Plaintiff and the Collective Action Members suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

60. Plaintiff and the Collective Action Members are entitled to an award of their reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

## COUNT II
### [Violation of the New York Labor Law]

61. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "60" of this Complaint as if fully set forth herein.

62. At all relevant times, Defendants employed Plaintiff within the meaning of New York Labor Law §§ 2 and 651.

63. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff minimum wages in the lawful amount for hours worked.

64. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at the statutory rate of time and one-half for each hour worked in excess of forty (40) hours in a workweek.

65. Defendants failed to properly disclose or apprise Plaintiff of his rights under the New York Labor Law.

66. Defendants failed to furnish Plaintiff with a statement with every payment of wages listing gross wages, deductions and net wages, in contravention of New York Labor Law § 195(3) and New York State Department of Labor Regulations § 142-2.7.

67. Defendants failed to keep true and accurate records of hours worked by each employee, the wages paid to all employees, and other similar information in contravention of New York Labor Law § 661.

68. Defendants failed to establish, maintain, and preserve for not less than six (6) years payroll records showing the hours worked, gross wages, deductions, and net wages for each employee, in contravention of the New York Labor Law § 194(4), and New York State Department of Labor Regulations § 142-2.6.

69. Neither at the time of their hiring nor any time thereafter did Defendants notify Plaintiff in writing of his regular hourly rate of pay and corresponding overtime rate of pay, and regular designated payday, in contravention of New York Labor Law § 195(1).

70. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages and unpaid overtime compensation, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198.

71. Plaintiff is also entitled to liquidated damages pursuant to New York Labor Law § 663(1), as well as statutory damages pursuant to the New York State Wage Theft Prevention Act.

**PRAYER FOR RELEIF**

**WHEREFORE**, Plaintiff, STEPHEN MILLS, on behalf of himself and all other similarly situated Collective Action Members, respectfully requests that this Court grant the following relief:

(a) An award of unpaid minimum wages due under the FLSA and New York Labor Law;

(b) An award of unpaid overtime compensation due under the FLSA and New York Labor Law;

(c) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to 29 U.S.C. § 216;

(d) An award of liquidated damages as a result of Defendants' failure to pay minimum wages and overtime compensation pursuant to the New York Labor Law and the New York State Wage Theft Prevention Act;

(e) An award of statutory damages pursuant to the New York State Wage Theft Prevention Act;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' and expert fees; and,

(h) Such other and further relief as this Court determines to be just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all issues.

Dated: New York, New York
       September 3, 2021

                                    Respectfully submitted,

                                    CILENTI & COOPER, PLLC
                                    *Attorneys for Plaintiff*
                                    200 Park Avenue – 17th Floor
                                    New York, NY 10166
                                    T. (212) 209-3933
                                    F. (212) 209-7102

                                    By: _____
                                            Giustino (Justin) Cilenti (GC2321)

## CONSENT TO SUE UNDER
## FAIR LABOR STANDARDS ACT

I, Stephen Mills, am an individual currently or formerly employed by Londonboy Station, and/or related entities. I consent to be a plaintiff in the above-captioned action to collect unpaid wages.

Dated: New York, New York
August 13, 2021

Stephen Mills